United States District Court
Southern District of Texas
**ENTERED**
March 19, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **OXSANA WILLIS,** § | |
| § | |
| **Petitioner,** § | |
| **VS.** § | **CIVIL ACTION NO. 4:26-cv-01439** |
| § | |
| **MARTIN FRINK,** *et al.*, § | |
| § | |
| **Respondents.** § | |

## ORDER

Before the Court is Petitioner Oxsana Willis's Amended Petition for Writ of Habeas Corpus (ECF No. 7) and Respondents' Motion for Summary Judgment (ECF No. 12). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

### I.    FACTUAL BACKGROUND

Petitioner is a native of Russia who entered the United States in 1992. ECF No. 7 at ¶ 8. In 2006, Petitioner was ordered removed by an immigration judge. *Id*. at ¶ 28. The order became final on September 18, 2006. *Id*. In 2011, Petitioner was released from immigration custody and placed into the Intensive Supervision Appearance Program (ISAP). *Id*. at 29. In 2017, it was determined by Russia that because Petitioner was a citizen of the former Soviet Union, she was not considered a Russian citizen. ECF No. 12-1 at ¶ 43. Petitioner is currently considered stateless. *Id*. at ¶ 44.

From 2011 until May 28, 2025, Petitioner remained out of custody pursuant to an Order of Supervision (OSUP). Petitioner generally complied with the terms of her OSUP, though she had some instances of noncompliance in 2016, 2017, and 2020, including reporting late to her immigration check-ins and failing to provide certain documents. ECF No. 12-1 at ¶¶ 38-46.

1

Respondents do not suggest that Petitioner failed to comply with the conditions of her OSUP between 2020 and 2025. On May 28, 2025, Petitioner was taken into custody pursuant to her final removal order. *Id*. at ¶ 47. She has now been in custody for approximately 295 days.

## II.    ANALYSIS

The Immigration and Nationality Act ("INA") typically allows the United States Government ("the Government") ninety days to remove a noncitizen following an order of removal, during which time the noncitizen "shall" be detained. 8 U.S.C. § 1231(a)(1). This "removal period" begins when a removal order "becomes administratively final;" when a court, having stayed removal pending review, issues its final order; or when the noncitizen is released from non-immigration detention. *Id.* The ninety-day period may be "extended . . . if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." *Id.* The Government may also keep noncitizens in prolonged custody if they present certain dangers to the community or are "unlikely to comply with [their] order of removal." 8 U.S.C. § 1231(a)(6).

After six months of post-removal order custody, continued confinement raises constitutional concerns. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Under *Zadvydas v. Davis*, if a noncitizen who has been detained for over six months "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. In the event that it cannot, the individual must be released. *See id.* at 700.

Here, Petitioner had been detained for well over six months counting from her re-detention on May 28, 2025.[1] She has provided good reason to believe that there is no significant likelihood of removal in the foreseeable future, given that Russia, where she was born, does not acknowledge her as a citizen and she is currently stateless. The burden thus shifts to Respondents to show that removal is in fact reasonably foreseeable. *Zadvydas*, 533 U.S. 678 at 701.

Respondents argue that removal is reasonably foreseeable because the Government "is actively working on third-country removal." ECF No. 12 at 1. Specifically, the Government cites the fact that it has recently made inquiries with China and Venezuela about accepting Petitioner, "albeit unsuccessful[ly]." *Id*. Respondents have not indicated that efforts are currently underway to remove Petitioner to an alternative third country or than any third country is likely to accept Petitioner. Indeed, both Venezuela and China have already declined to accept Petitioner. Further, even if Respondents were able to identify a third country willing to accept Petitioner, Petitioner would then be "entitled to seek fear-based relief from removal to that country," likely resulting in a lengthy proceeding before an immigration judge. *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 399 (D.N.J. 2025).  The Court therefore concludes that the Government has not demonstrated that removal is reasonably foreseeable. *See Villanueva v. Tate*, 801 F. Supp. 3d 689, 704 (S.D. Tex. 2025) (finding that potential of third country removal did not render removal reasonably foreseeable); *Abuelhawa v. Noem*, No. 4:25-CV-04128, 2025 WL 2937692, at *10 (S.D. Tex. Oct.

---

[1] Many district courts have held that the *Zadvydas* period is cumulative and that periods of re-detention should be aggregated with the initial period of detention following the final removal order. *See, e.g., Siguenza v. Moniz*, 2025 WL 2734704, at *3 (D. Mass. Sept. 25, 2025); *Nguyen v. Scott*, 2025 WL 2419288, at *13 (W.D. Wash. Aug. 21, 2025); *Escalante v. Noem*, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025); *Diaz-Ortega v. Lund*, 2019 WL 6003485, at *7 n.6 (W.D. La. Oct. 15, 2019); *Sied v. Nielsen*, 2018 WL 1876907, at *6 (N.D. Cal. Apr. 19, 2018); *Chen v. Holder*, 2015 WL 13236635, *2 (W.D. La. Nov. 20, 2015). The Court is persuaded by the reasoning in these decisions. In this case, however, it is not necessary to consider Petitioner's prior periods of detention because her ongoing detention has exceeded six months.

16, 2025) (finding that "the Government hasn't demonstrated *any* likelihood of removal, much less a *significant* one" where the Government failed to identify a third country willing to accept the petitioner or present evidence that such an occurrence was likely). Petitioner's continued detention therefore violates 8 U.S.C. § 1231 and *Zadvydas*, and the appropriate remedy is immediate release. Accordingly, the Court **GRANTS** the Petition in part.

The Court **ORDERS** as follows.

1. Respondents shall release Petitioner from custody within forty-eight (48) hours of entry of this Order. Petitioner shall be released in a public place, and Respondents must notify Petitioner's counsel of the time and place of her release **at least three hours prior**.

2. Respondents shall provide Petitioner with a copy of this Order upon her release.

3. Petitioner shall comply with the conditions of her previous Order of Supervision while released.

4. The Government shall update the Court on the status of Petitioner's release by **March 23, 2026**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 19th day of March, 2026.

Keith P. Ellison
United States District Judge

4